Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

LUIS GOMEZ, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

DELTA BLUE DIAMOND CORP. (D/B/A DELTA BLUE DIAMOND), ROUNDSQUARE BUILDERS LLC (D/B/A ROUNDSQUARE BUILDERS), NEW LINE STRUCTURES & DEVELOPMENT LLC (D/B/A NEW LINE STRUCTURES) & DEVELOPMENT), AND DIEGO MORALES,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Luis Gomez ("Plaintiff Gomez" or "Mr. Gomez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Delta Blue Diamond Corp. (d/b/a Delta Blue Diamond), RoundSquare Builders LLC (d/b/a RoundSquare builders), New Line Structures & Development LLC (d/b/a New Line Structures & Development), ("Defendant Corporations"), and Diego Morales, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Gomez is a former employee of Defendants Delta Blue Diamond Corp. (d/b/a Delta Blue Diamond), RoundSquare Builders LLC (d/b/a RoundSquare builders), New Line Structures & Development LLC (d/b/a New Line Structures & Development), and Diego Morales.

2. Defendant Diego Morales owns, operates, or controls Delta Blue Diamond Corp. (d/b/a Delta Blue Diamond), a construction subcontractor, whose office is located at 4067 Hampton St., Apt. 2a, Elmhurst, NY 11373 and whose work in Manhattan construction projects was derived from RoundSquare Builders LLC (d/b/a RoundSquare builders) and New Line Structures & Development LLC (d/b/a New Line Structures & Development).

3. Specifically, Delta Blue Diamond was a subcontractor for RoundSquare Builders LLC (d/b/a RoundSquare builders), at 227 W. 19th St., New York, NY 10011 and for New Line Structures & Development LLC (d/b/a New Line Structures & Development), at 261 11th Avenue, New York, NY 10001.

4. Upon information and belief, individual Defendant Diego Morales, serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the construction corporations as a joint or unified enterprise.

5. Plaintiff Gomez was employed as driver, core driller and chain and electric saw operator at projects in 227 W. 19th St., New York, NY 10011 and 261 11th Avenue, New York, NY 10001.

He also worked for Delta Blue Diamond in projects at 45-40 Vermont Blvd., Long Island City, NY 11106, 179 Pearl St., Brooklyn, Ny 11201 and 90-32 Queens Blvd, Flushing, NY 11373.

6. At all times relevant to this Complaint, Plaintiff Gomez worked for Defendants an excess of 40 hours per week, without appropriate minimum wage, overtime compensation and spread of hours pay for any of the hours that he worked each week.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Gomez appropriately for any hours worked in a week.

8. Further, Defendants failed to pay Plaintiff Gomez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9. Defendants' conduct extended beyond Plaintiff Gomez to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gomez and other employees to work in excess of forty (40) hours per week without providing the minimum wage, spread of hours pay and overtime compensation required by federal and state law and regulations.

11. Plaintiff Gomez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Gomez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Gomez's state law claims under 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants

operate a construction company located in this district. Further, Plaintiff Gomez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff Luis Gomez ("Plaintiff Gomez" or "Mr. Gomez") is an adult individual residing in Queens County, New York. Plaintiff Gomez was employed by Defendants at Delta Blue Diamond Corp. from approximately May 2021 until on or about July 2, 2026.

16. Plaintiff Gomez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants own, operate, or control a Construction subcontractor, located at 4067 Hampton St., Apt. 2 A, Elmhurst, NY 11373 under the name Delta Blue Diamond Corp. (d/b/a Delta Blue Diamond).

18. Upon information and belief, Delta Blue Diamond Corp. (d/b/a Delta Blue Diamond) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 4067 Hampton St., Apt. 2A, Elmhurst, NY 11373.

19. Upon information and belief, RoundSquare Builders LLC (d/b/a RoundSquare Builders) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 147 W. 35th St., New York, NY, 10001.

20. Upon information and belief, New Line Structure & Development LLC (d/b/a New Line Structure & development) is a domestic corporation organized and existing under the laws of

the State of New York. Upon information and belief, it maintains its principal place of business at 512 Fashion Avenue 46, New York, NY, 10018.

21. Defendant Diego Morales is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Diego Morales is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Diego Morales possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Gomez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate a construction subcontractor whose main office is located in Queens, New York and who worked as a subcontractor for projects in Manhattan, Brooklyn, and Queens in New York.

23. Individual Defendant, Diego Morales, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Gomez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Gomez, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Gomez (and all similarly situated employees) and are Plaintiff Gomez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Gomez and/or similarly situated individuals.

28. Upon information and belief, Individual Defendant Diego Morales operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entitys legally separate and apart from himself, by among other things:

a) Failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) Defectively forming or maintaining the corporate entities of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) Transferring assets and debts freely as between all Defendants,

d) Operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) Operating Defendant Corporation for his own benefit and maintaining control over this Corporation as a closed Corporation,

f) Intermingling assets and debts of his own with Defendant Corporation,

g) Diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Gomez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire

Plaintiff Gomez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Gomez's services.

30. In each year from 2021 to 2026, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the construction corporations on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Gomez is a former employee of Defendants who was employed as a driver, core driller and gas and electric saw operator.

33. Plaintiff Gomez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Luis Gomez*

34. Plaintiff Gomez was employed by Defendants from approximately May 2021 until on or about July 2, 2026.

35. Defendants employed Plaintiff Gomez as a driver, core driller and gas and electric saw operator.

36. Plaintiff Gomez regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

37. Plaintiff Gomez's work duties required neither discretion nor independent judgment.

38. Throughout his employment with Defendants, Plaintiff Gomez regularly worked in excess of 40 hours per week.

39. From approximately May 2021 until on or about July 2, 2026, Plaintiff Gomez worked from approximately 6:00 a.m. until on or about 5:00 p.m. Mondays through Fridays and two weeks per month on Saturdays (typically 55 to 66 hours per week).

40. From approximately May 2021 until on or about July 2023, Defendants paid Plaintiff Gomez his wages in cash.

41. From approximately July 2023 until on or about July 2, 2026, Defendants paid Plaintiff Gomez his wages by check and in cash for working on Saturdays.

42. From approximately May 2021 until on or about July 2023, Defendants paid Plaintiff Gomez a fixed salary of $860.00 per week and $150.00 for working on Saturdays.

43. From approximately July 2023 until on or about July 2024, Defendants paid Plaintiff Gomez a fixed salary of $920.00 per week and $150 for working on Saturdays.

44. From approximately July 2024 until on or about March 2025, Defendants paid Plaintiff Gomez a fixed salary of $1000.00 per week and $180.00 for working on Saturdays.

45. From approximately April 2025 until on or about July 2, 2026, Defendants paid Plaintiff Gomez a fixed salary of $1100.00 per week and $240.00 for working on Saturdays.

46. Plaintiff Gomez's wages did not vary regardless of how many additional hours he worked in a day or week.

47. Specifically, Defendants required Plaintiff Gomez to start working 1.5 hours before his regular start time and continue working 1.5 hours past his scheduled departure time and did not pay him any additional compensation for the additional time he worked.

48. Defendants only granted Plaintiff Gomez 15 minutes for meal periods.

49. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Gomez regarding overtime and wages under the FLSA and NYLL.

50. Plaintiff Gomez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

51. Defendants did not provide Plaintiff Gomez an accurate statement of wages, as required by NYLL 195(3).

52. Defendants did not give any notice to Plaintiff Gomez, in English and in Spanish (Plaintiff Gomez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

53. As a result of Defendants' failure to provide Plaintiff Gomez with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

54. Defendants required Plaintiff Gomez to purchase "tools of the trade" with his own funds—including one pair of work boots 4 times a year, 4 helmets, 3 pairs of protective glasses per week, 20 special visible polo shirts per year), 15 to 20 construction pants and 10 visible vests per year.

*Defendants' General Employment Practices*

55. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gomez (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime compensation and spread of hours pay as required by federal and state laws.

56. Plaintiff Gomez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

57. Defendants' pay practices resulted in Plaintiff Gomez not receiving payment for all his hours worked, and resulted in Plaintiff Gomez's effective rate of pay falling below the required minimum wage rate.

58. Defendants habitually required Plaintiff Gomez to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

59. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

60. Defendants paid Plaintiff Gomez his wages by check and in cash.

61. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings, or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

62. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Gomez (and similarly situated individuals) worked, and to avoid paying Plaintiff Gomez properly for his full hours worked.

63. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

64. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Gomez and other similarly situated former workers.

65. Defendants failed to provide Plaintiff Gomez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

66. Defendants failed to provide Plaintiff Gomez and other employees, at the time of hiring and on or before February 1st of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

67. As a result of Defendants' failure to provide Plaintiff Gomez and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff Gomez and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

**FLSA COLLECTIVE ACTION CLAIMS**

68. Plaintiff Gomez brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

69. At all relevant times, Plaintiff Gomez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay

at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

70. The claims of Plaintiff Gomez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

71. Plaintiff Gomez repeats and realleges all paragraphs above as though fully set forth herein.

72. At all times relevant to this action, Defendants were Plaintiff Gomez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Gomez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

73. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

74. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

75. Defendants failed to pay Plaintiff Gomez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

76. Defendants' failure to pay Plaintiff Gomez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

77. Plaintiff Gomez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

78. Plaintiff Gomez repeats and realleges all paragraphs above as though fully set forth herein.

79. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Gomez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

80. Defendants' failure to pay Plaintiff Gomez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

81. Plaintiff Gomez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

82. Plaintiff Gomez repeats and realleges all paragraphs above as though fully set forth herein.

83. At all times relevant to this action, Defendants were Plaintiff Gomez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Gomez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

84. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Gomez less than the minimum wage.

85. Defendants' failure to pay Plaintiff Gomez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

86. Plaintiff Gomez was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

87. Plaintiff Gomez repeats and realleges all paragraphs above as though fully set forth herein.

88. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Gomez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

89. Defendants' failure to pay Plaintiff Gomez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

90. Plaintiff Gomez was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

91. Plaintiff Gomez repeats and realleges all paragraphs above as though fully set forth herein.

92. Defendants failed to pay Plaintiff Gomez (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Gomez's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

93. Defendants' failure to pay Plaintiff Gomez (and the FLSA Class members) an additional hour's pay for each day Plaintiff Gomez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

94. Plaintiff Gomez (and the FLSA Class members) were damaged in an amount to be

determined at trial

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

95. Plaintiff Gomez repeats and realleges all paragraphs above as though fully set forth herein.

96. Defendants failed to provide Plaintiff Gomez with a written notice, in English and in Spanish (Plaintiff Gomez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

97. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff Gomez, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

98. Defendants are liable to Plaintiff Gomez in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

99. Plaintiff Gomez repeats and realleges all paragraphs above as though fully set forth herein.

100. With each payment of wages, Defendants failed to provide Plaintiff Gomez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

101. As a result of Defendants' failure to furnish accurate statements to Plaintiff Gomez, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

102. Defendants are liable to Plaintiff Gomez in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

103. Plaintiff Gomez repeats and realleges all paragraphs above as though fully set forth herein.

104. Defendants required Plaintiff Gomez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

105. Plaintiff Gomez was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gomez respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Gomez and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Gomez and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Gomez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Gomez and the FLSA Class members;

(f) Awarding Plaintiff Gomez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Gomez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gomez;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gomez;

(j) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Gomez;

(k) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Gomez's compensation, hours, wages and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Gomez;

(m) Awarding Plaintiff Gomez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable

(n) Awarding Plaintiff Gomez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiff Gomez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p) Awarding Plaintiff Gomez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff Gomez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Gomez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
August 18, 2026

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: */s/ Michael Faillace*
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

michael@faillacelaw.com


July 9, 2026

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Luis Gomez

Legal Representative / Abogado: Michael Faillace & Associares, P.C.

Signature / Firma: ______________________

Date / Fecha: July 9, 2026